# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREFFREN BAGBY, | ) |
|              Plaintiff, | ) |
| v. | ) Case No. CIV-24-459-JFH |
| CP KELCO U.S., INC.;<br>EXCEL CONTRACTORS, LLC;<br>and CSI CONSTRUCTION<br>SERVICES, LLC, | ) |
|              Defendants. | ) |

## FINDINGS AND RECOMMENDATION

This matter comes before the Court on a review for Plaintiff's compliance with this Court's Order to Show Cause entered January 15, 2026. Because Plaintiff has not prosecuted or participated in this case further, consents to the jurisdiction of the undersigned United States Magistrate Judge could not be obtained. As a result, this case was reassigned to a United States District Judge and the undersigned offers these Findings and Recommendation concerning Plaintiff's conduct in this action.

On November 21, 2024, Defendant CP Kelco U.S., Inc. removed this action from the District Court in and for Okmulgee County, Oklahoma. Since that time, Plaintiff has not obtained service upon Defendant CSI Construction Services, LLC. In order to determine the status of the case, this Court then set the matter for a video Status Conference on January 15, 2026 by minute order entered December 31, 2025. The electronic receipt for this filing indicates it was transmitted and received by Plaintiff's counsel at his last e-mail address on

record. This Court attempted to conduct the video Status Conference but Plaintiff's counsel did not appear. Thereafter, this Court entered a Show Cause Order on January 15, 2026 noting Plaintiff's deficiencies and directing that she show cause in writing by January 22, 2026 as to why this case should not be dismissed for the failure to timely prosecute. Indeed, the Show Cause Order contained the following warning and admonition:

> THE FAILURE TO FILE THE SHOW CAUSE REPORT BY THE DESIGNATED DATE SHALL RESULT IN THE REASSIGNMENT OF THIS CASE TO A UNITED STATES DISTRICT JUDGE AND A RECOMMENDATION THAT THIS CASE BE DISMISSED FOR THE FAILURE TO TIMELY PROSECUTE THE ACTION WITHOUT FURTHER ORDER OR HEARING.

*Doc. Ent. No. 16.*

To date, Plaintiff has failed to file the show cause report required by this Order. "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009) quoting *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). Further, "[t]he Federal Rules of Civil Procedure authorize sanctions, including dismissal, . . . for failing to comply with court rules or any order of the court, *see* Fed.R.Civ.P. 41(b). . . . Rule 16(f) 'indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.'" *Gripe*

*v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002) quoting *Mulvaney v. Rivair Flying Serv., Inc. (In re Baker)*, 744 F.2d 1438, 1440 (10th Cir. 1984). When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Id.* quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). Essentially, Plaintiff has done nothing to further the prosecution of this case since its removal to this Court. Further, Plaintiff has ignored two orders of this Court. Consequently, dismissal is appropriate.

IT IS THE RECOMMENDATION OF THE UNDERSIGNED that this action be **DISMISSED WITHOUT PREJUDICE** to refiling based upon Plaintiff's failure to prosecute this case and the failure to comply with this Court's Orders.

The parties are given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections with the Clerk of the court. Any such objection shall not exceed ten (10) pages in length. The failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ORDERED this 10th day of February, 2026.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE